101465

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

NORMAN HOEWISCHER,                    CASE NO. 3:10-CV-654-J-32 JBT

    Plaintiff,

v.

PICCADILLY RESTAURANTS, LLC.,
ELIZABETH H. BLOW TRUST, and
JOHN CARL BLOW,

    Defendants.
_____/

## ANSWER & AFFIRMATIVE DEFENSES

COMES NOW the Defendant, PICCADILLY RESTAURANTS, LLC, by and through the undersigned attorneys and files this Answer to the Complaint filed herein by the Plaintiff, NORMAN HOEWISCHER, and would state as follows:

1. Defendant admits the allegations in contained in Paragraph 1 for jurisdictional purposes only, otherwise denied.

2. Without knowledge as to the allegations contained in paragraph 2 and therefore denied.

3. Without knowledge as to the allegations contained in paragraph 3 and therefore denied.

4. Without knowledge as to the allegations contained in paragraph 4 and therefore denied.

CASE NO. 3:10-CV-654-J-32 JBT

5.  Without knowledge as to the allegations contained in paragraph 5 and therefore denied.

6.  Defendant admits that Plaintiff has correctly identified that it is the lessee of the property as alleged in paragraph 6. Otherwise, Defendant denies the remaining allegations.

7.  Defendant admits that Plaintiff has correctly referenced the ADA Act enacted July 26, 1990 in paragraph 7 but defers to the statutory wording in the United Stated Code as the best evidence of the regulations.

8.  Defendant admits that Plaintiff has correctly referenced the ADA Act enacted July 26, 1990 in paragraph 8 but defers to the statutory wording in the United Stated Code as the best evidence of the regulations.

9.  Defendant admits that Plaintiff has correctly referenced the ADA Act enacted July 26, 1990 in paragraph 9 but defers to the statutory wording in the United Stated Code as the best evidence of the regulations.

10. Defendant admits that Plaintiff has correctly referenced the ADA Act in paragraph 10 but defers to the statutory wording in the United Stated Code as the best evidence of the regulations.

11. Defendant admits the allegations contained in Paragraph 10.

12. Defendant admits that Plaintiff has correctly referenced the ADA enacted July 26, 1990 in paragraph 12 but defers to the statutory wording in the United Stated Code as the best evidence of the regulations.

13. Defendant denies the allegations contained in Paragraph 12.

14. Without knowledge as to the allegations contained in paragraph 14 and therefore denied.

15. Without knowledge as to the allegations contained in paragraph 15 and therefore denied.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17 (a.-n.).

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant admits that Plaintiff has correctly referenced the United States Code in paragraph 23 but defers to the statutory wording in the United Stated Code as the best evidence of the regulations. Defendant denies the remaining allegations.

## AFFIRMATIVE DEFENSES

24. Defendant affirmatively denies all allegations of non-compliance, irreparable harm, entitlement to injunctive relief, entitlement to attorney's fees and claims of damage and demands strict proof thereof.

25. Defendant affirmatively alleges that Plaintiff has unclean hands relative to injunctive relief as he failed to notify Defendant of complaints which most likely would have led to remedial action and resolution of the complaints without the necessity of a lawsuit.

26. Defendant affirmatively alleges that Plaintiff has untimely asserted claims and said claims are barred by the applicable statute of limitations, or doctrines of waiver and/or laches.

27. Defendant affirmatively alleges that Plaintiff has failed to state a claim upon which relief can be based.

28. Defendant affirmatively alleges that Plaintiff lacks standing to assert these claims.

29. Defendant affirmatively alleges that all or some of Plaintiff's claims are not readily achievable or technically feasible.

30. Defendant affirmatively alleges that to the extent that the demanded modifications to the facilities, policies, practices and procedures would fundamentally alter the nature of the facility, accommodations, goods or services, Defendant is not obligated to make such modifications.

31. Defendant affirmatively alleges that the property is already partially or fully in compliance with the ADA and ADAAG in light of what is readily achievable or technically feasible.

32. Defendant affirmatively alleges that the accommodations requested by Plaintiff do not constitute "reasonable accommodations" under the ADA and would create an "undue hardship" to Defendant if the requested accommodations were implemented.

33. Defendant affirmatively alleges that the facilities and services at the premises leased by Defendant are readily accessible to and usable by individuals with disabilities as required by law.

34. Defendant affirmatively alleges that Plaintiff's lawsuit is not a catalyst of relief that may be obtained by this action.

35. Defendant affirmatively alleges that Plaintiff filed this suit under the ADA without providing notice, in writing or in person, to the Defendant advising of Plaintiff's allegations that the property is not in compliance. Additionally, Plaintiff failed to provide Defendant with an opportunity to remedy any alleged problems prior to filing suit.

36. Defendant affirmatively alleges that Plaintiff has not suffered and is not suffering irreparable harm and, therefore, no injunctive relief is warranted.

37. Defendant affirmatively alleges that it has made and continues to make a good faith effort to comply with the law pertaining to the issues in this action.

38. Defendant affirmatively alleges that Plaintiff's claim for reasonable attorney's fees, costs and litigation expenses from Defendant must fail because, among other things, Plaintiff made no effort pre-suit to obtain voluntary compliance with the alleged violations of the ADA and because Plaintiff's lawsuit is not a catalyst of relief that may be obtained in this lawsuit.

39. Defendant affirmatively alleges that at the time the building was constructed, it complied with all Federal and state requirements and the application of all or some of the Plaintiff's claims would be an unconstitutional application of an *ex post facto* law.

40. Defendant affirmatively alleges any and all of the Plaintiff's damages were caused by or contributed to by acts or omissions of third persons over whom this Defendant had no responsibility, supervision or control.

41. Defendant affirmatively alleges Plaintiff intentionally and knowingly acted so as to contribute to and/or cause his own loss and/or damages.

42. Defendant affirmatively alleges that Plaintiff's alleged damages were not proximately caused by any act or omission of this Defendant.

43. As a further Affirmative Defense, Defendant reserves the right to place a non-party, on the verdict form at trial as a joint tortfeasor, whose fault caused or contributed to the subject incident and/or the damages allegedly sustained by the Plaintiff.

44. Defendant reserves the right to assert additional affirmative defenses as may be discovered through the course of these proceedings.

Dated: September 30, 2010.

s/Bram L. Scharf, Esquire

Bram L. Scharf, Esquire
Florida Bar No. 0041289
Michael S. Sperounes, Esquire
Florida Bar No. 0844918
CONROY, SIMBERG, GANON,
KREVANS, ABEL, LURVEY, MORROW,
& SCHEFER, P.A.
4887 Belfort Road. Suite 103
Jacksonville, FL 32256
Phone: 904-296-6004
Fax: 904-296-6008
Attorney for Defendant

CASE NO. 3:10-CV-654-J-32 JBT

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM-ECF this 30th day of September, 2010 to: Todd W. Shulby, P.A., 4705 SW 148th Avenue, Suite 102, Davie, FL 33330-2417.

                               s/Bram L. Scharf, Esquire

                               Bram L. Scharf, Esquire
                               Florida Bar No. 0041289
                               Michael S. Sperounes, Esquire
                               Florida Bar No. 0858269
                               CONROY, SIMBERG, GANON,
                               KREVANS, ABEL, LURVEY, MORROW,
                               & SCHEFER, P.A.
                               4887 Belfort Road
                               Suite 103
                               Jacksonville, FL 32256
                               Phone: 904-296-6004
                               Fax: 904-296-6008
                               Attorney for Defendant

BLS/emo